| Eva Makowsky vs. Luella Perriera, Adm'x. | No. 91551. |

October 18, 1933.

TANNER, P. J. This case is heard upon demurrer to the declaration.

The declaration states that the plaintiff filed her claim in the Probate Court within the first six months after notice of qualification by the administratrix and the claim has not been disallowed. Action at law has been brought upon this claim against the administratrix. The demurrer is upon the ground that there is no authority in the statute for bringing action at law against an administrator unless the claim has been disallowed.

The plaintiff bases her claim upon the theory that while the statute provides that suit on a disallowed claim must be brought within six months after disallowance and not thereafter, neither of these two sections expressly or impliedly prohibits an action on a claim which has been allowed. We do not think this is a valid contention.

The case of *Fitzsimons* vs. *Fitzsimons*, 28 R. I. 555, held that failure to disallow amounted to an allowance and that thereafter the procedure should be to petition the Probate Court to adjudge the administrator guilty of unfaithful administration if the claim was not paid, rather than to bring an action at law.

See also *Kelly* vs. *Harlow*, 51 R. I. 138;

*Andrews* vs. *O'Reilly*, 34 R. I. 257.

The plaintiff cites as authority or his position the case of *Slocum* vs. *Wilbur*, 33 R. I. 97. That decision was upon the state of the pleadings and seems to decide that the allegation of neglect to reject the claim was merely matter of inducement and that a statement that the testator owed the debt and that the plaintiff presented her claim to the executor in due time was sufficient, but the statute in force at that time, Sec. 4, Chap. 215, Gen. Laws of 1896, provided that on solvent estates suit must be brought within six months after personal notice be given to the creditor that the same is contested and suit must be brought. It would seem to us that such a statute would make essential the averment that personal notice of disallowance must be given to the creditor before he could bring suit at law, at least upon a liquidated claim. At any rate, under the latest decision of our Supreme Court such an averment we believe is necessary.

As we have before indicated, we think that the proper procedure for the plaintiff would have been to bring a petition to adjudge guilty of unfaithful administration if the claim wasn't paid within the proper time and thereafter, if necessary, to bring suit on the bond of the administrator.

Demurrer sustained.

For plaintiff: Emilio D. Iannuccillo.

For defendant: George Hurley.